IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SANOFI-AVENTIS, | ) | |
| | ) | |
| *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civ. No. _____ |
| | ) | |
| FOOD AND DRUG ADMINISTRATION, | ) | |
| | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' MOTION TO FILE CASE UNDER SEAL

Plaintiffs sanofi-aventis and sanofi-aventis U.S. LLC (collectively, "Sanofi") and Debiopharm S.A. ("Debiopharm") move pursuant to Local Rule 5.1(j)(1) to file this case under seal. As set forth in the accompanying memorandum, Sanofi and Debiopharm are filing (i) a complaint seeking declaratory and injunctive relief requiring the United States Food and Drug Administration ("FDA") to rescind final approval of applications for generic versions of a certain drug, (ii) an application for a temporary restraining order and preliminary injunction, and (iii) declarations of Sanofi and Debiopharm executives and an expert economist (collectively, the "Case Materials"). The Case Materials include proprietary and highly confidential information about existing and potential products and business operations of Sanofi and Debiopharm that constitute trade secrets. In addition, the Case Materials include information that has been designated "Confidential" or "Highly Confidential" pursuant to the Protective Order entered in the pending patent litigation filed by Sanofi and Debiopharm against entities seeking to market generic versions of the drug in question. As explained in the memorandum, public disclosure of

the Case Materials would harm Sanofi and Debiopharm by giving their competitors an improper and unfair advantage, and would undermine the Protective Order entered in the pending patent litigation.

Accordingly, Sanofi and Debiopharm respectfully request that the Court order that this case be filed under seal pursuant to Local Rule 5.1(j)(1). In the alternative, Sanofi and Debiopharm respectfully request leave to (i) file the unredacted Case Materials under seal and (ii) file on the public docket redacted versions of the Case Materials that do not disclose the trade secrets and other confidential commercial information discussed at length therein.

A proposed order follows the memorandum.

Respectfully submitted,

Anthony Herman (D.C. Bar No. 424643)
Peter O. Safir (D.C. Bar No. 217612)
Joshua D. Greenberg (D.C. Bar No. 480534)
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.
Washington, DC 20004
(202) 662-6000 (Telephone)
(202) 662-6291 (Fax)

*Attorneys for Plaintiffs Sanofi-Aventis,*
*Sanofi-Aventis U.S. LLC, and Debiopharm*
*S.A.*

August 10, 2009

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANOFI-AVENTIS, <br><br> *et al.,* <br><br> Plaintiffs, <br><br> v. <br><br> FOOD AND DRUG ADMINISTRATION, <br><br> *et al.,* <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civ. No. _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION TO FILE CASE UNDER SEAL**

Plaintiffs sanofi-aventis and sanofi-aventis U.S. LLC (collectively, "Sanofi") and

Debiopharm S.A. ("Debiopharm") move pursuant to Local Rule 5.1(j)(1) to file this case under

seal.

Debiopharm owns the patent covering oxaliplatin, and Sanofi is the exclusive

licensee in the United States. Sanofi holds the approved new drug application for oxaliplatin,

which the company markets and sells under the brand name Eloxatin®. Sanofi and Debiopharm

have pending patent litigation in the federal district court in New Jersey against entities that have

applied for approval to market generic versions of oxaliplatin.

Sanofi and Debiopharm are filing (i) a complaint seeking declaratory and

injunctive relief requiring the United States Food and Drug Administration ("FDA") to rescind

final approval of applications for generic versions of oxaliplatin, (ii) an application for a

temporary restraining order and preliminary injunction, and (iii) declarations of Sanofi and

Debiopharm executives and an expert economist (collectively, the "Case Materials"). The Case Materials include proprietary and highly confidential information about existing and potential products and business operations of Sanofi and Debiopharm that constitute trade secrets. In addition, the Case Materials include information that has been designated "Confidential" or "Highly Confidential" pursuant to the Protective Order entered by the federal district court in New Jersey in the pending patent litigation filed by Sanofi and Debiopharm against entities seeking to market generic versions of oxaliplatin. (*See* Ex. A, Protective Order, *Sanofi-Aventis U.S. LLC v. Sandoz, Inc.*, No. 3:07-cv-02762-JAP-DEA (consol.).)

Public disclosure of the Case Materials would harm Sanofi and Debiopharm by giving their competitors an improper and unfair advantage, and would undermine the Protective Order entered by the federal district court in New Jersey. Such consequences would be inconsistent with the principle, embodied in the Federal Rules and federal statutes, that "trade secret[s]" and "other confidential research, development, or commercial information" deserve special protection against public disclosure. Fed. R. Civ. P. 26(c)(1)(G). This principle applies with special force to the pharmaceutical industry: "In a field as competitive and technical as the pharmaceutical industry, success or failure will turn in large measure on innovation and the members of the industry justifiably hoard their trade secrets as jealously as a miser hoards his gold." *Serono Labs., Inc. v. Shalala*, 35 F. Supp. 2d 1, 2 (D.D.C. 1999).

To ensure that pharmaceutical manufacturers can maintain the confidentiality of their proprietary information, "Congress has required the FDA to guard the trade secrets to which it has been given access and to require it to return them to the company which generated them." *Id.* (citing 21 U.S.C. § 331(j)). "Even under the Freedom of Information Act ('FOIA'), 5 U.S.C. § 552 et seq., an agency is not required to release materials that are considered 'trade

secrets and commercial or financial information obtained from a person and privileged or confidential.'" *MD Pharm., Inc. v. DEA*, 133 F.3d 8, 15 (D.C. Cir. 1998) (quoting 5 U.S.C. § 552(b)(4)). Further, "unless another statute or a regulation authorizes disclosure of the information, the Trade Secrets Act requires each agency to withhold any information it may withhold under Exemption 4 of the FOIA," 5 U.S.C. § 552(b)(4). *Canadian Commercial Corp. v. Dep't of Air Force*, 514 F.3d 37, 39 (D.C. Cir. 2008).

It is well settled that a court may seal documents containing trade secrets and sensitive business information where, as here, disclosure would place a litigant at a competitive disadvantage. *See, e.g.*, *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) ("The presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure."). Here, the Case Materials include extensive and detailed discussions of the ways in which FDA approval of generic versions of oxaliplatin would harm Sanofi and Debiopharm's ability to market and sell Eloxatin, obtain FDA approval for new Eloxatin indications, develop new drugs, retain customers, employ current personnel, and maintain existing and potential business partners' goodwill. In seeking relief against FDA, Sanofi and Debiopharm should not be required to publicly disclose their trade secrets and other confidential commercial information.

For the foregoing reasons, Sanofi and Debiopharm respectfully request that the Court order that this case be filed under seal pursuant to Local Rule 5.1(j)(1). In the alternative, Sanofi and Debiopharm respectfully request leave to (i) file the unredacted Case Materials under seal and (ii) file on the public docket redacted versions of the Case Materials that do not disclose the trade secrets and other confidential commercial information discussed at length therein.

Respectfully submitted,


Anthony Herman (D.C. Bar No. 424643)
Peter O. Safir (D.C. Bar No. 217612)
Joshua D. Greenberg (D.C. Bar No. 480534)
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.
Washington, DC  20004
(202) 662-6000 (Telephone)
(202) 662-6291 (Fax)

*Attorneys for Plaintiffs Sanofi-Aventis,
Sanofi-Aventis U.S. LLC, and Debiopharm
S.A.*

August 10, 2009

# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SANOFI-AVENTIS U.S. LLC, <br> SANOFI-AVENTIS, <br> DEBIOPHARM S.A. <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> SANDOZ, INC., <br><br> Defendant/Counterclaim Plaintiff | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION NO.: <br> 3:07-cv-02762-JAP-JJH <br><br><br> **RECEIVED** <br><br> **DEC 1 4 2007** <br><br> AT 8:30 _____ M <br> WILLIAM T. WALSH <br> CLERK |
| SANOFI-AVENTIS U.S. LLC, <br> SANOFI-AVENTIS, <br> DEBIOPHARM, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PARENTERAL MEDICINES, INC. and <br> TEVA PHARMACEUTICALS USA, INC. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION NO.: <br> 3:07-cv-02837-JAP-JJH |
| SANOFI-AVENTIS U.S. LLC, <br> SANOFI-AVENTIS, <br> DEBIOPHARM S.A., <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> DABUR ONCOLOGY PLC., <br> DABUR PHARMA LIMITED, <br><br> Defendants/Counterclaim Plaintiffs. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION NO.: <br> 3:07-cv-02854-JAP-JJH |

SANOFI-AVENTIS U.S. LLC,          )
SANOFI-AVENTIS,                   )
DEBIOPHARM, S.A.,                 )
                                  )
Plaintiffs,                       )          CIVIL ACTION NO.:
                                  )          3:07-cv-03144-JAP-JJH
v.                                )
                                  )
PHARMACHEMIE B.V.,                )
TEVA PARENTERAL MEDICINES, INC. and )
TEVA PHARMACEUTICALS USA, INC     )
                                  )
Defendants.                       )
                                  )

SANOFI-AVENTIS U.S. LLC,          )
SANOFI-AVENTIS,                   )
DEBIOPHARM, S.A.,                 )
                                  )
Plaintiffs/Counterclaim Defendants, )          CIVIL ACTION NO.:
                                  )          3:07-cv-03164-JAP-JJH
v.                                )
                                  )
EBEWE PHARMA GES.M.B.H. NFG.KG    )
                                  )
Defendants/Counterclaim Plaintiffs. )
                                  )

SANOFI-AVENTIS U.S. LLC,          )
SANOFI-AVENTIS,                   )
DEBIOPHARM, S.A.,                 )
                                  )
Plaintiffs/Counterclaim Defendants, )          CIVIL ACTION NO.:
                                  )          3:07-cv-03411-JAP-JJH
v.                                )
                                  )
SUN PHARMACEUTICAL INDUSTRIES,    )
LTD. and CARACO PHARMACEUTICAL    )
LABORATORIES, LTD.,               )
                                  )
Defendants/Counterclaim Plaintiffs. )
                                  )

| | |
|---|---|
| SANOFI-AVENTIS U.S. LLC,<br>SANOFI-AVENTIS,<br>DEBIOPHARM, S.A.,<br><br>Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>ACTAVIS TOTOWA LLC, ACTAVIS,<br>INC., ACTAVIS GROUP HF.,<br><br>Defendants/Counterclaim Plaintiffs. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.:<br>3:07-cv-03142-JAP-JJH |

| | |
|---|---|
| SANOFI-AVENTIS U.S. LLC,<br>SANOFI-AVENTIS,<br>DEBIOPHARM, S.A.,<br><br>Plaintiffs,<br><br>v.<br><br>MUSTAFA NEVZAT İLAÇ SANAYII A.Ş.<br>(a.k.a. MN PHARMACEUTICALS),<br>PAR PHARMACEUTICAL COMPANIES, INC.,<br>PAR PHARMACEUTICAL, INC.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.:<br>3:07-cv-03143-JAP-JJH |

| | |
|---|---|
| SANOFI-AVENTIS U.S. LLC,<br>SANOFI-AVENTIS,<br>DEBIOPHARM, S.A.,<br><br>Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>ABRAXIS BIOSCIENCE, INC.,<br><br>Defendants/Counterclaim Plaintiffs. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.:<br>3:07-cv-03163-JAP-JJH |

| | |
|---|---|
| SANOFI-AVENTIS U.S. LLC,<br>SANOFI-AVENTIS,<br>DEBIOPHARM, S.A.,<br><br>Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>MAYNE PHARMA LIMITED, MAYNE,<br>PHARMA (USA) INC., HOSPIRA AUSTRAILIA<br>PTY LTD., AND HOSPIRA, INC.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NOS.:
3:07-cv-03409-JAP-JJH
3:07-cv-04550-JAP-JJH

## JOINT PROPOSED DISCOVERY CONFIDENTIALITY ORDER

WHEREAS, pursuant to this Court's Pretrial Scheduling Order of October 23, 2007, the above captioned actions were consolidated for discovery and case management purposes; and

WHEREAS, discovery in these actions may involve the disclosure of certain documents, things and information in the possession, custody or control of a party or a non-party that constitute or contain trade secrets or other confidential research, development, manufacture, regulatory, financial, marketing or other competitive information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure; and

WHEREAS, good cause exists for entry of this Order, *see* Fed. R Civ. P. 26(c), *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994); and

WHEREAS, all parties in their business practices have gone to great lengths to safeguard and protect the confidentiality of the documents and information the disclosure of which would pose a substantial risk of irreparable harm to the producing party's legitimate proprietary interests. *See* Declarations and/or Certifications submitted in support of this request for Discovery Confidentiality Order on behalf of Plaintiffs Sanofi-Aventis, Sanofi-Aventis U.S.

4

LLC, and Debiopharm S.A. (attached hereto as Exhibit A); on behalf of Defendant Sandoz Inc. (attached hereto as Exhibit B); on behalf of Defendants Teva Parenteral Medicines, Inc. and Teva Pharmaceuticals USA, Inc. (attached hereto as Exhibit C); on behalf of Defendants Dabur Oncology PLC. and Dabur Pharma Limited (attached hereto as Exhibit D); on behalf of Defendant Pharmachemie B.V. (attached hereto as Exhibit E); on behalf of Defendant Ebewe Pharma Ges.mbH.Nfg.KG. (attached hereto as Exhibit F); on behalf of Defendants Sun Pharmaceutical Industries, Ltd. and Caraco Pharmaceutical Laboratories, Ltd. (attached hereto as Exhibit G); on behalf of Defendants Actavis Totowa LLC, Actavis, Inc., and Actavis Group HF. (attached hereto as Exhibit H); on behalf of Defendants Mustafa Nevzat Ilc Sanayii A.S. (a.k.a. MN Pharmaceuticals), Par Pharmaceutical Companies, Inc., and Par Pharmaceutical, Inc. (attached hereto as Exhibit I); on behalf of Defendant Abraxis Bioscience, Inc. (attached hereto as Exhibit J); on behalf of Defendants Mayne Pharma Limited, Mayne Pharma (USA) Inc., Hospira Austrailia PTY LTD., and Hospira, Inc. (attached hereto as Exhibit K); and

WHEREAS, this Discovery Confidentiality Order provides reasonable restrictions on the disclosure of such sensitive materials of a confidential nature; and

WHEREAS, all parties agree to the terms of this Discovery Confidentiality Order to protect their confidential documents and information; and

WHEREAS, to streamline the discovery process and minimize the need for Court intervention, this Discovery Confidentiality Order adopts an approach that allows the producing party to designate certain materials being produced or deposition testimony as confidential. Disclosure of materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL is limited to specific classes of persons; and

5

WHEREAS, this Discovery Confidentiality Order provides for filing confidential documents with the Court under seal in accordance with Local Civil Rule 5.3, if such documents need to be filed as part of motion practice or other proceedings; and

WHEREAS, this Discovery Confidentiality Order also provides that the party requesting production of the information may challenge the producing party's confidentiality designation before the Court, thereby minimizing the likelihood that non-sensitive documents will be unnecessarily designated as confidential; and

WHEREAS, this Order allocates to the producing party the burden of justifying the confidentiality designation and orders of this type have been approved by the United States Court of Appeals for the Third Circuit. *See Pansy*, 23 F.3d at 787 n. 17; *Cipollone v. Liggett Group. Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986), *cert. denied*, 484 U.S. 976 (1987);

THEREFORE, in view of the foregoing and because the parties hereto, by and through their respective counsel, have stipulated to the entry of the following Discovery Confidentiality Order pursuant to Fed. R. Civ. P. 26(c), and the Court having reviewed the aforementioned declarations of the parties in support of the entry of this Order, and the Court having determined good cause exists for entry of this Order,

IT IS HEREBY STIPULATED, AGREED, ORDERED BY THE COURT, as follows:

1.      **Scope of Discovery Confidentiality Order**.  This Order shall apply to all information, documents, things, responses to discovery, and testimony produced or within the scope of discovery in these actions, including, without limitation, all documents or things produced in response to requests for the production of documents and things or subpoenas, answers to interrogatories, responses to requests for admission, testimony adduced at depositions and upon written questions, all other discovery taken pursuant to the Federal Rules of Civil Procedure, and any other information furnished, directly or indirectly, by or on behalf of any

6

party to these actions or any non-party. The party(ies) or non-party(ies) producing such information are referred to hereafter as the "Producing Party(ies)," and the party(ies) receiving such information are referred to hereafter as the "Receiving Party(ies)."

    2.    **Definitions**. The terms "CONFIDENTIAL INFORMATION" and "HIGHLY CONFIDENTIAL INFORMATION," as used herein, are defined as follows:

    A.    "CONFIDENTIAL INFORMATION" means any form of trade secret or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(7). The designation of "CONFIDENTIAL INFORMATION" by a Producing Party constitutes its representation that it reasonably and in good faith believes that the designated material constitutes or contains information in one or more of the foregoing categories within the meaning of Fed. R. Civ. P. 26(c)(7).

    B.    "HIGHLY CONFIDENTIAL INFORMATION" means CONFIDENTIAL INFORMATION that is of such a sensitive nature that it supports a reasonable and good faith belief that granting access to such information to an employee or officer of a competitor will place the Producing Party(ies) at a competitive disadvantage, including, without limitation:

    1.    Non-public financial or marketing information;

    2.    Non-public research and development information;

    3.    Information relating to products not commercially launched, products in development, and/or the products that are the subject of the Abbreviated New Drug Applications ("ANDAs") in-suit and/or their active pharmaceutical ingredients ("APIs"), the characterizations of such ANDA products and/or APIs, and/or the processes for making them;

7

4.    The content of or strategy relating to non-public pending patent applications, abandoned patent applications, draft patent applications, or proposed patent applications, whether foreign or domestic; and

5.    Confidential communications with the United States Food and Drug Administration ("FDA") relating to matters pending in or with the FDA.

**3.    Non-Parties under the Discovery Confidentiality Order.**    This Discovery Confidentiality Order shall apply to any information provided by a non-party in discovery in these actions.  With respect to such information provided and so designated by a non-party, such non-party has the same rights and obligations under this Discovery Confidentiality Order as held by the Parties to these actions, and the Parties will treat such information in accordance with this Discovery Confidentiality Order.

**4.    Discovery of Non-Party Information.**    A Producing Party may redact the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION of a non-party that is in its possession where the Producing Party is under an obligation not to disclose such information, provided that the Producing Party shall identify the non-party to the Receiving Party and shall not impede discovery by the Receiving Party from said non-party, including requesting permission from said non-party to produce such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION in unredacted form.

**5.    Marking Documents and Things.**    Each page of a document and each thing that constitutes or contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be labeled or marked with the legend "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY," respectively, when the document or thing is produced to the Receiving Party(ies). Anything that cannot be so labeled or marked on its face shall be labeled or marked by placing

8

the appropriate legend on a container or package in which it is produced or on a tag attached thereto. Material produced without any such legend shall not be subject to the protections afforded such information under this Discovery Confidentiality Order unless otherwise agreed by the Parties, ordered by the Court, or designated in accordance with paragraph 9 of this Discovery Confidentiality Order.

Inspection of materials shall be conducted only by persons eligible under paragraph 13 below. Such persons shall initially treat all materials disclosed during any inspection as containing HIGHLY CONFIDENTIAL INFORMATION until such materials are produced. Thereafter, such materials shall be treated by the Receiving Party(ies) in accordance with the confidentiality designation made at the time of their production.

6. **Marking Interrogatories, Requests for Admissions, and Deposition Testimony on Written Questions**. Each page of any response to interrogatories, response to requests for admissions, and deposition testimony upon written questions that constitutes or contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be labeled or marked with the legend "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY," respectively, when the response or testimony is served upon the Receiving Party(ies). Such responses or testimony served without any such legend shall not be subject to the protections afforded such information under this Discovery Confidentiality Order unless otherwise agreed by the Parties, ordered by the Court, or designated in accordance with paragraph 9 of this Discovery Confidentiality Order.

7. **Marking Deposition Testimony**. Any portion of a deposition may be designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION during the deposition itself. Regardless of whether such a designation is made during the deposition, all testimony adduced at depositions and any transcripts thereof will be presumptively treated as

9

HIGHLY CONFIDENTIAL INFORMATION for a grace period beginning from the date of the deposition until thirty (30) business days after a complete copy of the transcript has been provided to the deponent or the deponent's counsel. Within this thirty-day grace period, any party may designate any additional portion of any deposition transcript as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION by specifying in writing the portion of the transcript believed to constitute or contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION by page and line number. If no such designation is made during a deposition or the thirty-day grace period, the transcript from such deposition shall not be subject to the protections afforded such information under this Discovery Confidentiality Order unless otherwise agreed by the Parties, ordered by the Court, or designated in accordance with paragraph 9 of this Discovery Confidentiality Order.

8.    **Limitations on Attendance at Depositions**. Counsel for a Producing Party may request that all persons other than the witness, the court reporter, those individuals specified in paragraphs 12 or 13, and counsel for the witness (if a non-party witness) leave the deposition room during any portion of a deposition that inquires about or discloses subject matter that such counsel deems CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. If such individuals fail to comply with such a request, the requesting counsel for the Producing Party may seek relief from the appropriate Court, and, pending resolution of that request, instruct or request the witness not to answer questions relating to, or to limit disclosure of, the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION at issue.

9.    **Inadvertent Production of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION**. If a Producing Party inadvertently or mistakenly produces any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

10

INFORMATION without labeling, marking, or designating it as provided in this Discovery Confidentiality Order, the Producing Party may, within ten (10) business days after learning of the inadvertent or mistaken production, give written notice to the Receiving Party(ies) that the material at issue is or contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and should be treated as such in accordance with this Discovery Confidentiality Order. In such instance, the Producing Party shall also provide copies of the material at issue properly marked as required under this Discovery Confidentiality Order. Upon receipt of such notice and properly marked material, the Receiving Party(ies) shall treat such information consistent with the redesignation. Disclosure of such information to persons not authorized to receive CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION prior to receipt of such notice shall not be deemed a violation of this Discovery Confidentiality Order.

Should any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION be disclosed, through inadvertence or otherwise, by the receiving party to any person or party not authorized under this Protective Order, then the receiving party shall (a) use its best efforts to obtain the return of any such material or information and to bind such person to the terms of this Protective Order; (b) within three (3) days of the discovery of such disclosure, inform such person of all provisions of this Protective Order and request such person to sign the Agreement to Abide by Protective Order in the form attached hereto as Exhibit A; and (c) within five (5) days of the discovery of such disclosure, inform the producing party of all pertinent facts relating to such disclosure, including the identity of such person and the information disclosed.

10. **Inadvertent Production of Privileged or Work Product Information.** If a Producing Party inadvertently or mistakenly produces or fails to redact any hard copy, electronic, or other material or information that it believes should have been withheld subject to a claim of

11

attorney-client privilege, work product immunity, or other privilege or immunity, such inadvertent or mistaken production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work-product immunity, or other privilege or immunity with respect to such information. In such an event, the Producing Party shall request in writing within ten (10) business days of learning of such inadvertent or mistaken production the return of the material for which a claim of inadvertent or mistaken production is made. Within ten (10) business days of receiving such a written request from the Producing Party, the Receiving Party(ies) shall return to the Producing Party the material that the Producing Party represents is covered by a claim of attorney-client privilege, work-product immunity, or other privilege or immunity and was inadvertently or mistakenly produced, and the Receiving Party(ies) shall destroy all copies and notes or summaries relating thereto; provided, however, if a Receiving Party disagrees that the information was inadvertently or mistakenly produced and/or is protected from disclosure by the attorney-client privilege, work product immunity, or other privilege or immunity, it may move the Court for an order requiring that such information remain or be produced, and may retain copies of the information and any notes or summaries relating thereto, pending resolution of its motion. The party claiming privilege or immunity shall have the burden of proving that such privilege or immunity exists and/or that production of the material was inadvertent or mistaken. Notwithstanding the above, recognizing the Parties' need to prepare their cases based on the discovery that is produced, if any material is used in a court hearing, in a deposition, as an exhibit to a motion, is referenced in an expert report or pretrial order, or is otherwise used openly in the case, any claim of inadvertent production must be made within ten (10) business days after such use.

11. **Disclosure and Use of Designated Materials.** Subject to the limitations and restrictions of this Discovery Confidentiality Order and any further order of the Court, material

designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE COUNSEL ONLY as described in this Discovery Confidentiality Order may be used in testimony at trial, offered into evidence at trial and/or other hearings, and used to prepare for and conduct discovery, to prepare for trial, and to support or oppose any motion in these actions. Such material shall remain confidential at trial, and during any appeals to these actions, except to the extent made public in open court, and may not be used for any purpose or in any manner other than as permitted by this Discovery Confidentiality Order or by further order of the Court. Subject to any further order regarding confidentiality as this Court may enter, a Producing Party may request that any person not permitted access to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION under paragraphs 12 or 13 be barred from attending any portion of trial or any other hearing at which CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is or will be revealed.

Material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, and all information derived therefrom, shall be used only by persons permitted access to such information under this Discovery Confidentiality Order, shall not be disclosed by the Receiving Party(ies) to any party or person not entitled under this Discovery Confidentiality Order to have access to such material, and shall not be used by the Receiving Party(ies) for any purpose other than in connection with these actions, including without limitation for any research, development, manufacture, patent prosecution, financial, commercial, marketing, regulatory, business, or other competitive purpose. Absent consent of the Producing Party(ies) and/or further order of this Court, all persons receiving information designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION are expressly prohibited from using or disclosing such information in connection with any practice

13

before or communication with the United States Patent and Trademark Office, the FDA, the United States Pharmacopoeia, or their counterpart organizations in any foreign jurisdiction.

Production sets of CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION shall be maintained at the offices of outside counsel only.

**12. Access to CONFIDENTIAL INFORMATION.** CONFIDENTIAL INFORMATION as described in this Discovery Confidentiality Order may be disclosed to:

A. Litigation counsel of record for the Parties and their data entry, information processing, computer support, litigation support, translating, stenographic, clerical, and paralegal employees or agents whose duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION;

B. Two (2) in-house personnel for Plaintiffs, and their stenographic and clerical employees whose duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION; provided, however, that (i) any such in-house person shall be identified in writing to Defendants, and (ii) no such in-house person shall retain a copy of any material designated CONFIDENTIAL INFORMATION;

C. One (1) in-house person for each unrelated Defendant in each action and their stenographic and clerical employees whose duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION; provided, however, that (i) any such in-house person shall be identified in writing to Plaintiffs, and (ii) no such in-house person shall retain a copy of any material designated CONFIDENTIAL INFORMATION;

D. Two (2) in-house attorneys for Plaintiffs, and their stenographic and clerical employees whose duties and responsibilities require access to material designated

14

CONFIDENTIAL INFORMATION; provided, however, that (i) any such in-house attorney shall be identified in writing to Defendants, and (ii) no such in-house attorney shall retain a copy of any material designated CONFIDENTIAL INFORMATION;

E.    One (1) in-house attorney for each unrelated Defendant in each action and their stenographic and clerical employees whose duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION; provided, however, that (i) any such in-house attorney shall be identified in writing to Plaintiffs, and (ii) no such in-house attorney shall retain a copy of any material designated CONFIDENTIAL INFORMATION;

F.    Outside consultants or experts regarding any issue in these actions who are not current or past employees of any of the Parties to this litigation or any divisions, subsidiaries, parents, or affiliates of any of the Parties to this litigation, whose advice and consultation are being or will be used in connection with these actions, including their stenographic and clerical personnel;

G.    Courts before which these actions are pending and their authorized staff, court reporters, and the jury;

H.    Any interpreter or translation service, and any typist or transcriber used thereby; and

I.    A party's outside copying, exhibit preparation, and computerized litigation support and information management services.

Prior to disclosure of CONFIDENTIAL INFORMATION to any of the persons described in subparagraphs (B), (C), (D), (E) or (F), counsel for the Receiving Party shall first obtain from each such person a signed Undertaking substantially in the form annexed as Exhibit A.

15

CONFIDENTIAL INFORMATION shall not be disclosed to any such person for a period of ten (10) calendar days after serving the Producing Party(ies) with such Undertaking and a curriculum vitae or resume (including employment history and list of publications) for any outside consultant or expert under subparagraph (F). Service of the Undertaking shall be made by facsimile or electronic mail with a confirmation copy by Federal Express or equivalent next-day delivery. The parties may agree in writing to shorten the waiting period for disclosure of confidential information. Counsel for the Producing Party(ies) may within ten (10) calendar days after service of the Undertaking serve an objection if a reasonable basis for such objection exists. CONFIDENTIAL INFORMATION will not be disclosed to the person as to whom objection was served, absent agreement by the Producing Party(ies) who served the objection. If no such agreement is reached within ten (10) calendar days after service of the objection, counsel for the Producing Party(ies) who served the objection may move the Court for an order denying disclosure of any CONFIDENTIAL INFORMATION to the person as to whom the objection was served. If the Producing Party(ies) file such a motion, CONFIDENTIAL INFORMATION shall not be disclosed to the person as to whom the objection was served until the Court rules or agreement is reached that such disclosure may be made. Failure to file such a motion shall operate as a waiver of such objection.

Any vendor described in paragraph 12(I) who is accessing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION on behalf of a party shall return to the party's counsel all copies of such documents as soon as the information has been encoded and loaded into the computer, copied, prepared or otherwise processed by the vendor. Any vendor providing a party with on-going access to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall provide limited and secure access to the information (such as information stored on a computer) and the vendor will guarantee to provide

16

access (e.g. through access codes or passwords) only to people who are entitled to access it under this protective order (including people retained or employed by the vendor entitled to such access).

13.   **Access to HIGHLY CONFIDENTIAL INFORMATION.**   HIGHLY CONFIDENTIAL INFORMATION is fully subject to the requirements and limitations set forth in paragraph 12 regarding the disclosure of CONFIDENTIAL INFORMATION, but shall be disclosed by the Receiving Party only to the individuals falling within subparagraphs (A), (F), (G), (H) and (I) of paragraph 12.

14.   **Disclosure of CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION to other parties in these actions.**   Subject to Paragraph 15 and/or further order of the Court, a Receiving Party may not disclose to another party in these cases any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION produced to such Receiving Party, provided, however, that a Receiving Party may disclose any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION produced to such Receiving Party to the litigation counsel of record for another party described in subparagraph 12(A), who will in turn restrict disclosure of such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to the personnel described in subparagraph 12(A).

15.   **Disclosure to Other Individuals.**   CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION may be disclosed also to persons not identified in paragraphs 12 and 13 as follows:

A.   CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION may be disclosed to persons not identified in paragraphs 12 and 13 as agreed by the Producing Party(ies);

17

B.    Any Receiving Party may move the Court for an Order that a person not identified in paragraphs 12 or 13 be given access to information designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. If the motion is granted, such person may have access to the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION after first signing an Undertaking substantially in the form of Exhibit A attached hereto.

C.    CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION may be disclosed to and/or used to examine, at deposition, at trial, or at any other court hearing: (i) an individual who prepared, received, reviewed, or had knowledge of the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, as demonstrated by the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION itself or foundation testimony; (ii) a currently employed officer, employee, or expert of a Producing Party; and/or (iii) any outside consultant or expert permitted access to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION pursuant to paragraph 12.

D.    A party may disclose or use in any manner or for any purpose any information or documents from that party's own files that the party itself has designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

16.    **Request for Production in Another Action.** If any Receiving Party (a) is subpoenaed or served with a demand in an action not subject to this Discovery Confidentiality Order, or (b) is served with any legal process by one not a party to these actions, seeking any

18

material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, such Receiving Party shall object to its production to the extent permitted by law and shall give prompt written notice to the Producing Party. Should the person seeking access to the material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION take action against such Receiving Party or anyone else covered by this Discovery Confidentiality Order to enforce such a subpoena, demand, or other legal process, such Receiving Party shall respond by setting forth the existence of this Discovery Confidentiality Order.

17. **Filing Under Seal.** If any party files CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including confidential portions of documents or transcripts) or any document, pleading, or brief that discloses the substance or content of CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL INFORMATION in connection with any motion, other written submission, hearing or trial in this action, the filing party shall make such filing under seal and shall simultaneously file a motion to seal such information in accordance with Local Civil Rule 5.3; provided, however, that the burden of proving that such information should be sealed under Local Civil Rule 5.3 shall at all times remain on the party which designated the information CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

18. **Challenging Designations.** The acceptance by the Receiving Party of material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall not constitute an admission or concession, or permit an inference that such material is, in fact, confidential. Any Receiving Party may at any time request that the Producing Party(ies) cancel or modify a CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION designation. Such request shall be made to counsel for the

19

Producing Party(ies) in writing and shall particularly identify the designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION that the Receiving Party contends is not CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and the reasons supporting that contention. If the Producing Party(ies) do not agree to remove or modify the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION designation within ten (10) business days of such request, the party contending that such documents or material are not properly designated may request by motion that the Court change the designation or remove such material from any or all of the restrictions of this Discovery Confidentiality Order. On such a motion, the party(ies) asserting confidentiality shall have the burden of proving that the material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION warrants the applicable protections under this Discovery Confidentiality Order.

19. **Limitations on Advice to Clients.** Nothing in this Discovery Confidentiality Order shall bar or otherwise restrict any attorney from rendering advice to its client, and in the course thereof, relying upon such attorney's examination of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with such client, the attorney shall not disclose any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to unauthorized persons.

20. **No Expansion of Federal Rules of Civil Procedure.** Nothing in this Discovery Confidentiality Order shall be construed (1) to affect or govern the scope of discovery in these actions; (2) to preclude any party from moving the Court for a further order pursuant to Fed. R. Civ. P. 26(c) or any other provision of the Federal Rules of Civil Procedure; (3) to require a party to produce any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION that is not relevant and discoverable pursuant to Fed. R. Civ. P. 26 and the surrounding case law; (4) to preclude any party from moving the Court for an order compelling production or disclosure of such material; or (5) to require production or disclosure of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION deemed by counsel for the Producing Party(ies) to be protected from disclosure by the attorney-client privilege or the attorney work-product immunity, or other privilege or immunity, so long as the withheld materials are identified in the manner required by the Federal Rules of Civil Procedure.

21. **Survival of Obligations under Discovery Confidentiality Order**. This Discovery Confidentiality Order shall survive the final termination of these actions, including all appeals, and continue to bind all persons to whom CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is disclosed hereunder to the extent such material is not, or does not become, known to the public. Upon final termination of these actions, including all appeals, outside counsel for Receiving Party(ies) may retain one copy or sample of all material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, all papers filed with the Court and exhibits thereto, all trial exhibits, and any other documents, things, copies, and samples that include or reflect work product of the Receiving Party's counsel. All other copies and samples of material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (including without limitation all deposition transcripts, production documents, and any other summaries, abstracts, excerpts, indices, and descriptions of such material and information derived from such material) shall be: (i) assembled and returned (except for any that may be retained by the Court) to the Producing Party(ies); or, alternatively, (ii) counsel for the Receiving Party may certify in writing the destruction thereof. As to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION stored in computer databases or backup tapes or disks, the

Receiving Party shall either delete all such information or secure it in a manner reasonably calculated to prevent unauthorized access to it.

As to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION stored in computer databases or backup takes tapes or disks, located, stored, or accessible by any persons other than outside counsel for the receiving party, the receiving party shall, upon demand by the producing party within ninety (90) days of the Action Termination, destroy any media on which CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION was electronically stored at any time, or otherwise take all steps necessary to irretrievably remove such information from any and all such media.

**22.** **Publicly Available Information.** The restrictions and obligations set forth herein relating to material designated CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION shall not apply to any information that the Producing Party(ies) agree, or the Court rules, (a) should not be designated as such; (b) is or has become public knowledge other than as a result of disclosure by the Receiving Party, its employees, or agents in violation of this Discovery Confidentiality Order, or (c) has come or shall come into the Receiving Party's legitimate knowledge or possession independently of the Producing Party(ies) under conditions such that its use and/or public disclosure by the Receiving Party would not violate any obligation to the Producing party(ies). The restrictions and obligations set forth herein shall not prohibit discussions of any material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION with any person who already has or obtains legitimate possession thereof.

Dated: December ____, 2007

22

For Plaintiffs/Counterclaim-Defendants

By:_____
    William J. O'Shaughnessy, Esq.
    Nicole Corona, Esq.
    MCCARTER & ENGLISH, LLP
    Four Gateway Center
    100 Mulberry Street
    Newark, New Jersey 07102
    Tel:  973-622-4444

Robert L. Baechtold, Esq.
Dominick Conde, Esq.
William E. Solander, Esq.
FITZPATRICK, CELLA, HARPER &
SCINTO
30 Rockefeller Plaza
New York, New York 10112
Tel:  (212) 218-2100

Attorneys for Plaintiffs/Counterclaim-
Defendants
SANOFI-AVENTIS U.S. LLC,
SANOFI-AVENTIS AND
DEBIOPHARM, S.A.


For Defendant/Counterclaim-Plaintiff

By: _____
    Eric I. Abraham, Esq.
    HILL WALLACK, LLP
    202 Carnegie Center
    CN 5226
    Princeton, NJ 08543-5226
    Tel:  (609) 924-0808
    Fax:  (609) 452-1888

Douglass C. Hochstetler, Esq.
Patricia J. Thompson, Esq.
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, Illinois 60606
Tel.: (312) 258-5500
Fax: (312) 258-5700
E-mail:  dhochstetler@schiffhardin.com

Attorneys for Defendant/Counterclaim-
Plaintiff
SANDOZ INC.

For Defendants

By: _____
    Allyn Z. Lite, Esq.
    Michael E. Patunas, Esq.
    Mayra V. Tarantino, Esq.

    LITE, DEPALMA, GREENBERG &
    RIVAS, LLC
    Two Gateway Center. 12th Floor
    Newark, NJ 07102-5003
    Tel:  (973) 623-3000
    Fax:  (973) 623-0858


For Defendants/Counterclaim-Plaintiffs

By: _____
    Donald A. Robinson, Esq.
    Keith J. Miller, Esq.
    ROBINSON & LIVELLI
    2 Penn Plaza East
    11th Floor
    Newark, NJ 07105
    Tel:  (973) 690-5400


David M. Hashmall, Esq.
Frederick H. Rein, Esq.
Emily L. Rapalino, Esq.
Kristin M. Joslyn, Esq.
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, NY 10022
Tel:  (212) 813-8800
Fax:  (212) 355-3333

Attorneys for Defendants
TEVA PARENTERAL MEDICINES,
INC.
TEVA PHARMACEUTICALS USA, INC.


Steven Lieberman, Esq.
Minaksi Bhatt, Esq.
Glenn E. Karta, Esq.
ROTHWELL, FIGG, ERNST &
MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C.  20005
Tel:  (202) 783-6040

Attorneys for Defendants/Counterclaim-
Plaintiffs
DABUR ONCOLOGY PLC. AND
DABUR PHARMA LIMITED

For Defendants


By: _____
    Allyn Z. Lite, Esq.
    Michael E. Patunas, Esq.
    Mayra V. Tarantino, Esq.

    LITE, DEPALMA, GREENBERG &
    RIVAS, LLC
    Two Gateway Center, 12th Floor
    Newark, NJ 07102-5003
    Tel:  (973) 623-3000
    Fax: (973) 623-0858


For Defendant/Counterclaim-Plaintiff


By: _____
    Jeffrey A. Cohen, Esq.
    FLASTER GREENBERG P.C.
    Attorney I.D. JC7673
    1810 Chapel Avenue West
    Cherry Hill, NJ 08002
    Tel:  (856) 661-1900

David M. Hashmall, Esq.
Frederick H. Rein, Esq.
Emily L. Rapalino, Esq.
Kristin M. Joslyn, Esq.
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, NY 10022
Tel: (212) 813-8800
Fax: (212) 355-3333

Attorneys for Defendants
PHARMACHEMIE B.V.
TEVA PARENTERAL MEDICINES,
INC.
TEVA PHARMACEUTICALS USA, INC.


Steven A. Maddox, Esq.
George C. Best, Esq.
Liane M. Peterson, Esq.
FOLEY & LARDNER LLP
3000 K. St., N.W.
Washington, DC 20007
Tel: (202) 672-5300
Fax: (202) 672-5399

Attorneys for Defendant/Counterclaim-
Plaintiff
EBEWE PHARMA GES.M.B.H.NFG.KG

25

For Defendants/Counterclaim-Plaintiffs

By: _____
    Arthur L. Raynes, Esq.
    WILEY MALEHORN SIROTA &
    RAYNES
    250 Madison Avenue
    Morristown, NJ 07960
    Tel: (973) 539-1313

Keith D. Parr, Esq.
Scott B. Feder, Esq.
Kevin M. Nelson, Esq.
David B. Abramowitz, Esq.
Derek E. Johnson, Esq.
LORD, BISSELL & BROOK LLP
111 South Wacker Drive
Chicago, IL 60606
Tel: (312) 443-0261
Fax: (312) 896-6261

Attorneys for Defendants/Counterclaim-Plaintiffs
SUN PHARMACEUTICAL
INDUSTRIES, LTD. AND CARACO
PHARMACEUTICAL LABORATORIES,
LTD.

For Defendants/Counterclaim-Plaintiffs

By: _____
    Steven I. Adler, Esq.
    David M. Kohane, Esq.
    COLE, SCHOTZ, MEISEL, FORMAN &
    LEONARD, P.A.
    Court Plaza North
    25 Main Street
    P. O. Box 800
    Hackensack, NJ 07602-0800
    Tel: (201) 489-3000

Andrew M. Berdon, Esq.
Robert B. Wilson, Esq.
James E. Baker, Esq.
Angelina Nguyen, Esq.
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
Tel: (212) 849-7000
Fax: (212) 849-7000

Attorneys for Defendants/Counterclaim-Plaintiffs
ACTAVIS TOTOWA LLC, ACTAVIS,
INC., ACTAVIS GROUP HF.

For Defendants

By: _____
    Arnold B. Calmann
    Jeffrey Soos
    SAIBER, SCHLESINGER, SATZ &
    GOLDSTEIN, LLC
    One Gateway Plaza
    13th Floor
    Newark, NJ 07102

Edgar H. Haug, Esq.
Daniel G. Brown, Esq.
Elizabeth A. Leff, Esq.
FROMMER LAWRENCE & HAUG
745 Fifth Avenue
New York, New York 10151
Tel: (212) 588-0800
Fax: (212) 588-0500

Attorneys for Defendants
MUSTAFA NEVZAT İLAÇ SANAYII
A.Ş. (A.K.A. MN
PHARMACEUTICALS), PAR
PHARMACEUTICAL COMPANIES,
INC., PAR PHARMACEUTICAL, INC.

For Defendant/Counterclaim-Plaintiff

By: _____
    Karen A. Confoy, Esq.
    STERNS & WEINROTH
    One State Street Square Office Bldg.
    50 West State Street
    Suite 1400
    Trenton, NJ 08607-1298
    Tel: (609) 989-5012
    Fax: (609) 392-7956

Steven H. Sklar, Esq.
Marcos P. Rivas, Esq.
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza
Suite 4900
Chicago, IL 60601
Tel: (312) 616-5600
Fax: (312) 616-5700

Attorneys for Defendant/Counterclaim-
Plaintiff
ABRAXIS BIOSCIENCE, INC.

For Defendants

By: _____
    Marc J. Gross, Esq.
    GREENBAUM, ROWE, SMITH &
      DAVIS LLP
    75 Livingston Ave.
    Suite 301
    Roseland, NJ 07068-3701
    Tel: (973) 535-1600
    Fax: (973) 535-1698

Charles Bennett Molster, III, Esq.
WINSTON & STRAWN LLP
1700 K Street NW
Washington, DC 20006
Tel:     (202) 282-5000
Fax:    (202) 282-5100

*Attorneys for Mayne Pharma Limited.,*
*Mayne Pharma (USA) Inc., Hospira*
*Australia PTY Ltd. and Hospira, Inc.*

SO ORDERED:

_____
Honorable John J. Hughes
United States Magistrate Judge

12/13/07

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

SANOFI-AVENTIS U.S., L.L.C. *et al.*,          )
                                     )
          Plaintiffs          )     Civil Action Nos. 07-2762 *et seq.*
                                       )     (JAP-JJH)
          v.                  )
                                       )
SANDOZ INC. *et al.*,              )
                                       )
          Defendants.      )
                                       )

**UNDERTAKING OF** _____

     I, _____, declare under penalty of perjury that:

     1.    My present address is _____

     2.    My present employer is _____,

and the address of my present employer is _____.

     3.    My present occupation is _____.

     4.    I have received a copy of the Discovery Confidentiality Order in these actions.  I have carefully read and understand the provisions of the Discovery Confidentiality Order.

     5.    I will comply with all of the provisions of the Discovery Confidentiality Order and hereby submit to the jurisdiction of the United States District Court for the District of New Jersey for the purpose of the enforcement of the Discovery Confidentiality Order in these actions.  I will hold in confidence, will not disclose to anyone not qualified under the Discovery Confidentiality Order, and will use only for purposes of these actions any CONFIDENTIAL INFORMATION or HIGHLY

CONFIDENTIAL INFORMATION, including the substance and any copy, summary, abstract, excerpt, index, or description of such material, that is disclosed to me as well as any knowledge or information derived from any of the above mentioned items.

6. I will return all CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION that comes into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained or from whom I received such material, when requested to do so. I acknowledge that return of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Discovery Confidentiality Order.

7. I understand that if I violate any provision of the Discovery Confidentiality Order, I may be subject to sanctions by the Court, and that the Parties, or any of them, may seek other remedies against me. I hereby submit to the jurisdiction of the Court for the purpose of enforcement of the Discovery Confidentiality Order in these actions.


Dated: _____     Signature: _____

CHI\5281100.6

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SANOFI-AVENTIS,                         )
                                        )
        *et al.*,                       )
                                        )
                    Plaintiffs,         )
                                        )
        v.                              )        Civ. No. _____
                                        )
FOOD AND DRUG ADMINISTRATION,           )
                                        )
        *et al.*,                       )
                                        )
                    Defendants.         )
                                        )

## **ORDER**

Upon consideration of Plaintiffs' motion to seal this case pursuant to Local Rule

5.1(j)(1), it is this _____ day of _____, 2009, hereby

ORDERED that the motion is GRANTED; and it is

FURTHER ORDERED that this case and all documents filed therein shall be

sealed.

_____
U.S. DISTRICT COURT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2009, I caused sealed copies of the foregoing documents to be (i) delivered by messenger to and filed under seal in the Office of the Clerk of the U.S. District Court for the District of Columbia, and (ii) served on Defendants by e-mail and Federal Express.

Joshua D. Greenberg