**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DISTRICT OF COLUMBIA**

| | |
|---|---|
| SANOFI-AVENTIS, SANOFI-AVENTIS U.S. LLC, and DEBIOPHARM S.A., <br><br>Plaintiffs, <br><br>v. <br><br>FOOD AND DRUG ADMINISTRATION, MARGARET A. HAMBURG, and KATHLEEN SEBELIUS, <br><br>Defendants, <br><br>- and – <br><br>TEVA PARENTERAL MEDICINES, INC., TEVA PHARMACEUTICALS USA, INC., PHARMA-CHEMIE B.V., BARR LABORATORIES, INC., and PLIVA-LACHEMA a.s., <br><br>Intervenor-Defendants, <br><br>- and - <br><br>HOSPIRA WORLDWIDE PTY, HOSPIRA, INC., HOSPIRA AUSTRALIA PTY LTD. dba MAYNE PHARMA LIMITED, and MAYNE PHARMA (USA) INC., <br><br>Movant-Intervenor Defendants. | Civil Case No. 09-1495 <br><br>Honorable Ricardo M. Urbina |

**HOSPIRA MOVANT-INTERVENOR-AMICUS DEFENDANTS' REPLY
IN SUPPORT OF HOSPIRA'S CROSS-MOTION FOR SUMMARY JUDGMENT**

James F. Hurst (not admitted in D.C.)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600

Gail J. Standish (not admitted in D.C.)
Peter E. Perkowski (not admitted in D.C.)
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, California 90071
(213) 615-1700

Charles B. Klein (D.C. Bar No. 450984)
Steffen Johnson (D.C. Bar No. 500636)
Andrew C. Nichols (D.C. Bar No. 492843)
WINSTON & STRAWN LLP
1700 K Street NW
Washington, DC  200006
(202) 282-5000

*Counsel for Hospira Worldwide Pty., Hospira, Inc., Hospira Australia Pty Ltd. dba Mayne Pharma Limited, and Mayne Pharma (USA) Inc.*

Lacking any answer to Hospira's argument that this case is controlled by the text of the Hatch-Waxman Act—or, at a minimum, the FDA's reasonable interpretation thereof—Sanofi ignores these arguments and repeats itself. But as we briefly explain below, Sanofi's contentions are no more convincing than they were the first time, and this Court should again reject them.

1.  Once again, Sanofi ducks the statutory language. A discussion of the key statutory phrase—"enters judgment"—does not appear in any of Sanofi's briefs. But as we have explained, this phrase appears to be unique in the United States Code and was specifically adopted to bring clarity to the marketplace after years of confusion over the meaning of the phrase "court decision." Br. 8-11. That alone disposes of Sanofi's motion for summary judgment.

Rather than deal with the text of Hatch-Waxman, Sanofi attempts to change the subject—pointing to *Nken*, which did not involve a statute employing such language, much less a long legislative history pointing to the need for the agency's action to be triggered by a specific, concrete act ("enters judgment"). Opp. 1-4, 6. Sanofi asserts that, despite the controlling statutory language, "FDA's authority to grant final approval derived from the non-infringement order." Opp. 4 n.2. But as we have shown, the FDA's authority did not derive from the non-infringement judgment, but from the Hatch-Waxman Act and "entry" of the judgment of non-infringement under that Act. Br. 16. That was this Court's reasoning when it denied preliminary relief. Op. 6-7. Sanofi has not ac*knowledged* that reasoning, much less refuted it.

2.  Nor does Sanofi explain why the FDA does not deserve deference under the D.C. Circuit's interpretation of the Hatch-Waxman Act.

According to Sanofi, "*Chevron* deference does not apply where, as here, the agency maintains that the statute is unambiguous and disclaims deference." Reply at 7. But even if that were true and the agency had not exercised deference, Sanofi's own case declares that "[t]he law

of this circuit requires in [these] circumstances that we . . . remand to the agency so that it can fill in the gap." *Peter Pan Bus Lines, Inc. v. Fed. Motor Carrier Safety Admin.*, 471 F.3d 1350, 1354 (D.C. Cir. 2006). Sanofi never requests a remand, presumably because it knows the FDA has already exercised its discretion. As with the statutory phrase "enters judgment," Sanofi's briefs fail to mention the FDA's approval memorandum—which is nothing if not a careful exercise of agency discretion. As that memorandum shows, this case tracks *Hi-Tech Pharmacal v. United States*, where this Court found it unnecessary to remand for the FDA to exercise its discretion—finding that the FDA had already done so in making its decision—even though the agency argued that Hatch-Waxman was unambiguous. *See* Br. 14. As this Court explained, "based on FDA's well-reasoned analysis," its "interpretation warrants deference at *Chevron* step two because 'the agency's answer is based on a permissible construction of the statute.'" 587 F. Supp. 2d 13, 22 (D.D.C. 2008). The same is true here.

Nor does Sanofi mention *Apotex v. FDA*, wherein the D.C. Circuit wound up nearly a decade of remands for the FDA to exercise its discretion to interpret the predecessor to the phrase "enters judgment." 449 F.3d 1249, 1249-1252 (D. C. Cir. 2006). If those decisions stand for anything, they stand for the proposition that courts will remand for the FDA to interpret the Hatch-Waxman Act in the first instance. *See Teva Pharm. USA, Inc. v. FDA*, 441 F.3d 1, 4-5 (D.C. Cir. 2006) (describing remands to FDA in "*Teva I*" and "*Teva II*" because "it is not for the court to choose between competing meanings of an ambiguous statute *when the agency charged with its administration has not weighed in first*") (quotation omitted) (emphasis added).

But these decisions also stand for much more than that, because the FDA's reasoning was ultimately affirmed in *Apotex*—reasoning that the FDA relies on again here. As we have explained, and as the FDA explains in its approval memorandum, the phrase "enters judgment" was

2

enacted by Congress after the FDA reached a precise definition of "court decision" as "the first court that renders a decision finding the patent at issue invalid, unenforceable, or not infringed." Br. 14-15; FDA Mem. at 3-4. In its *Guidance to Industry* explaining that conclusion, the FDA noted that "a primary concern for the Agency has been to identify an approach that will minimize further disruption and provide the regulated industry with reasonable guidance for making future business decisions." FDA Guidance at 3. To send this case back to the FDA *now*, after Congress effectively embodied that reasoning in the phrase "enters judgment," would be unnecessary and counterproductive to say the least. Having deferred to the FDA's interpretation of the vague phrase at issue in *Apotex* ("court decision"), the Court should surely defer to the FDA's interpretation of that phrase's much clearer descendant ("enters judgment"), at issue here. *See* Br. 15; FDA Mem. 3 (citing FDA Guidance).

Sanofi has literally no response to this dispositive argument, but instead claims that the FDA's 2000 Guidance—which explains the FDA's interpretation of "court decision"—is now obsolete. Opp. 7. That is untrue. By its terms, the Guidance remains in effect because it has not been superseded. 65 Fed. Reg. 43233, 43234-35 (July 13, 2000) ("This guidance will apply until revoked or revised by the agency."). Moreover, Sanofi cites merely "Draft" guidance as evidence that the 2000 Guidance was superseded; and by definition "Draft" guidance cannot supersede published guidance. *See id*. And, of course, even if it the interpretation of the specific phrase "court decision" is no longer strictly controlling, the aspect of the Guidance that speaks to the issuance of a stay or reversal of a district court's noninfringement decision remains relevant.

But the deeper problem with Sanofi's argument is that, even if true, it is irrelevant now that Congress has affirmed the FDA's approach and the FDA has relied on the *reasoning* of the 2000 Guidance in its approval memorandum. FDA Mem. at 3. Whatever the formal status of

3

the 2000 Guidance—which has never been revoked or revised—that reasoning was approved as "perfectly reasonable" in *Apotex* (449 F.3d at 1252), and it remains perfectly reasonable today.

3. None of this is to say that Sanofi cannot seek relief anywhere, but only that Sanofi is in the wrong court. Br. 7-8. The proper venue for Sanofi to seek relief is, and has always been, the District of New Jersey, where Sanofi must show that *all* of Hospira's defenses "lack[] substantial merit," *Titan Tire Corp. v. Case New Holland Inc.*, 566 F.3d 1372, 1377 (Fed. Cir. 2009). And indeed, Sanofi has finally moved for a preliminary injunction against Hospira there. Because that court has "enter[ed] judgment," however, there is no basis for declaratory or injunctive relief against the FDA here. If, at the end of the day, Sanofi is to prevail, it must establish its entitlement to an injunction under the ordinary standards that apply in patent litigation. Indeed, it is only because Sanofi cannot do so that it continues to come to this Court for relief. But as we have shown, this Court was right to reject Sanofi's arguments the first time, and it should do so again here.[*]

Dated:   October 13, 2009            Respectfully submitted,

                                     WINSTON & STRAWN LLP

                            By:         /s/ Charles B. Klein
James F. Hurst (not admitted in D.C.)    Charles B. Klein (D.C. Bar No. 450984)
WINSTON & STRAWN LLP                     Steffen Johnson (D.C. Bar No. 500636)
35 West Wacker Drive                     Andrew C. Nichols (D.C. Bar No. 492843)
Chicago, Illinois 60601                  WINSTON & STRAWN LLP
(312) 558-5600                           1700 K Street NW
                                         Washington, DC  200006
Gail J. Standish (not admitted in D.C.)  (202) 282-5000
Peter E. Perkowski (not admitted in D.C.)
WINSTON & STRAWN LLP                     *Counsel for Hospira Worldwide Pty., Hospira,*
333 South Grand Avenue, 38th Floor       *Inc., Hospira Australia Pty Ltd. dba Mayne*
Los Angeles, California 90071            *Pharma Limited, and Mayne Pharma (USA) Inc.*
(213) 615-1700

---

[*] Sanofi does not dispute that it has failed to make the required showing for injunctive relief in this Court. *Compare* Br. 19-20.

**CERTIFICATE OF SERVICE**

      I, hereby certify that on October 13, 2009, I caused copies of the foregoing document to be served on Plaintiffs-Appellants' counsel, counsel for Defendants-Appellees Food and Drug Administration, and counsel for Defendant-Intervenors Teva Parenteral Medicines, Inc. and its affiliates by FedEx and e-mail at the following addresses:

Anthony Herman
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 662-6000 (Telephone)
(202) 662-6291 (Fax)
aherman@cov.com

*Counsel for Plaintiffs-Appellants*
*Sanofi-Aventis, Sanofi-Aventis U.S.*
*LLC, and Debiopharm S.A.*

Gerald C. Kell
Senior Trial Counsel
Office of Consumer Litigation
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
(202) 514-1586
gerald.kell@usdoj.gov

*Counsel for Defendants-Appellees Food And*
*Drug Administration*

David M. Hashmall (pro hac vice)
Frederick H. Rein (pro hac vice)
Keith A. Zullow (pro hac vice)
Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800
(212) 355-333 (fax)

William F. Sheehan (D.C. Bar No. 174714)
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 346-4000
(202) 346-4444 (fax)

Henry C. Dinger (pro hac vice)
Goodwin Procter LLP
Exchange Place
Boston, MA 02109
(617) 570-1000
(617) 523-1231 (fax)

*Attorneys for Intervenor-Defendants Teva*
*Parenteral Medicines, Inc., Teva Pharma-*
*ceuticals USA, Inc., Pharmachemie B.V.,*
*Barr Laboratories, Inc., and Pliva-Lachema*
*a.s.*

                                            /s/ Andrew C. Nichols
                                              Andrew C. Nichols